UNITED STATES, Appellant

v

ROBERT L. HOLMES, Private U. S. Marine Corps, Appellee

7 USCMA 642, 23 CMR 106

No. 9209

Decided March 8, 1957

*Major Verne L. Oliver*, USMC, argued the cause for Appellant, United States.

*Commander Earl C. Collins*, USN, argued the cause for Appellee, Accused. With him on the brief was *Captain Edwin H. Nichols*, USN.

## Opinion of the Court

HOMER FERGUSON, Judge:

A special court-martial convicted the accused of larceny in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to be discharged from the Naval service with a bad-conduct discharge, to forfeit $50.00 per month for six months and to be confined at hard labor for a like period. The convening authority approved the findings and sentence but suspended the execution of the bad-conduct discharge until expiration of confinement or the completion of appellate review, whichever occurred later. The officer exercising general court-martial jurisdiction approved the sentence as approved by the convening authority. A board of review affirmed the findings and sentence as approved. Subsequently this Court rendered its decision in United States v Fowle, 7 USCMA 349, 22 CMR 139, and the board of review granted a rehearing of the instant case. At this rehearing the board of review withdrew and set aside its former decision. The board, on the second action, affirmed the findings of

642

guilty but referred the case to the convening authority for a rehearing in accordance with paragraph 92, Manual for Courts-Martial, United States, 1951.

The case has been certified to this Court by The Judge Advocate General of the Navy in accordance with the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867. The first question is whether it was error for the trial counsel to "read SECNAV Instruction 5815.2A to the court-martial." The second "issue" certified inquires whether a portion of the above-entitled instruction, purporting to give the court members full discretion in each case to take whatever action they consider would best serve the ends of justice, rendered the error harmless. Both of these issues are answered adversely to the Government in United States v Estrada, 7 USCMA 635, 23 CMR 99, decided this date.

However, an additional item in this case, not present in Estrada, supra, but one worthy of comment, was the staff legal officer's comment in his advice to his commander that "Policies of the service can properly influence a court's decision as to punishment, but they cannot control it." This interpretation is incorrect and conflicts with Article 37, Uniform Code of Military Justice, 10 USC § 837, which states in part:

"... *No person subject to this chapter may* attempt to coerce or, by any unauthorized means, *influence the action of a court-martial or any other military tribunal* or any member thereof, in reaching the findings or sentence in any case, or the action of any convening, approving, or reviewing authority with respect to his judicial acts." [Emphasis supplied.]

For the reasons expressed above and in United States v Estrada, supra, the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

Prior to the time when the court-martial began its sentence deliberations, trial counsel read in its entirety a policy declaration of the Secretary of the Navy concerning the retention of persons convicted of crimes involving moral turpitude in the Naval service. Although cautionary instructions were not given, I have concluded that no error occurred. My reasons for this conclusion may be found in my dissent in United States v Estrada, 7 USCMA 635, 23 CMR 99, a companion case. Therefore, I would answer the first certified issue negatively, and there would then be no need to answer the second one at all. The result would be that I would not affirm the decision of the board of review.