UNITED STATES, Appellee

v

FRANK ALFRED SILVA, Fireman,
U. S. Navy, Appellant

8 USCMA 105, 23 CMR 329

No. 9225

Decided July 5, 1957

*Major R. D. Humphreys,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant W. O. Miller,* USN.

*Commander Guilbert W. Martin,* USN, argued the cause for Appellee, United States.

### Opinion of the Court

GEORGE W. LATIMER, Judge:

Pursuant to his plea of guilty, the accused sailor was convicted by special court-martial of an unauthorized absence of some fifty-one days, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He was sentenced to bad-conduct discharge and reduction to the grade of fireman recruit. Intermediate authorities have affirmed the findings and sentence, and we granted accused's petition for review to determine whether certain written Department of Navy Instructions, which were apparently present in the courtroom throughout the secret deliberations, denied the accused a fair trial.

The circumstances giving rise to our problem are these. Accused's absence was occasioned by a brush with civilian law enforcement officials. According to his testimony, his father and family were in dire financial straits, and he had been unsuccessful in relieving their hardships through proper channels. In a last ditch but abortive attempt to alleviate their circumstances, he had resorted to burglary. He was caught and tried by civilian authorities for this offense, and he entered a plea of guilty. As a result of this crime, the entire period of his absence from the Naval Service was spent in confinement in a civilian jail. After the foregoing matters were set forth in mitigation of the unauthorized absence —the only offense for which accused was being tried—the record imputes the following final argument to trial counsel:

"... I would like to point out to you what the department policy is. It is purely up to your discretion as to what will be done in this case. I do have for your consideration a new

106

SECNAV Instruction concerning the moral turpitude of offenses, which just came to use two days ago."

The mentioned instruction was not further identified nor was it offered into evidence, but is was apparently the same one that was before us in United States v Estrada, 7 USCMA 635, 23 CMR 99.

Appellate defense counsel before the board of review first sought appropriate relief by requesting that the document be identified and attached to the record, but the board denied the request. Thereafter, on their own initiative, they obtained an affidavit from counsel who defended accused at trial, wherein he states that the remarks imputed to trial counsel were in fact made by him. Further, in his affidavit he identifies the SECNAV instructions alluded to during the pre-sentencing procedure as SECNAV INST 5815.2A, and affirmed that although the directive was not, to the best of his knowledge, handed to the court during the proceedings, it was, together with other designated instructions and comments, contained in a manila folder which was on the court table during the course of the entire trial. This affidavit was appended to appellant's brief before the board of review.

After the taking of the affidavit, the matter was again considered by the board, and it denied accused any relief. One member refused to consider the affidavit at all, but the majority treated the showing of appellate defense counsel as a request for a certificate of correction and, therefore, considered the affidavit for that limited purpose. They concluded, however, that since the document established that defense counsel, rather than trial counsel, mentioned the instructions, a certificate of correction would serve no useful purpose as defense counsel could not take advantage of a self-induced error. Further, the majority noted that even if the entire contents of the affidavit were properly before them, there was no indication that the instructions complained of were in fact used or attempted to be used to influence the court-martial. Accordingly, they re-

jected accused's argument that his right to have his case heard and his sentence adjudged by a court-martial free from the influence of Department instructions in the courtroom had been impaired. We granted accused's petition to review the proceedings.

We believe that in the opinion of the board of review and in that of the concurring member, an important principle has been overlooked. The Manual provides that when a record of trial by special court-martial, in which a sentence to bad-conduct discharge has been approved, is received by higher authority and it is noted that the record is incomplete or that there are omissions therein, it shall be returned to the convening authority with directions for correction so that it shows the proceedings accurately and adequately. Paragraphs 86c and 95, Manual for Courts-Martial, United States, 1951, pages 143 and 164. Article 62(b), Uniform Code of Military Justice, 10 USC § 862.

In this case, the original record disclosed that trial counsel announced he had new SECNAV Instructions for consideration of the court. That suggested the possibility of an improper communication with the court, and while the papers were unidentified, it appeared they were available for use by members of the court. When the original request was made, the board of review could have removed all uncertainty about the incident by returning the record for appropriate revision. At the least, the record indicates that some informative documents on sentence, not admitted in evidence, were available for inspection by the members of the court, and certainly the accused was entitled to know what was made handy for their consideration. When the board refused the request for correction, appellate defense counsel took it upon themselves to obtain evidence tending to show the necessity of completing the record. Unfortunately for them, the affidavit disclosed that trial defense counsel was the person who sought to use the instructions. That might end our inquiry if it appeared that he procured the documents and made them available to the court, but

there again the record is deficient. True, defense counsel may not induce error and then complain on appeal; but, assuming he made reference to the instructions, his comment may have been forced by other factors not fully reflected in the record.

While the board of review considered the question, it concluded that defense counsel alone was at fault if objectionable matter was brought to the attention of the court. However, that is not established with the slightest degree of certainty, and the affidavit considered by the board does not induce that conclusion. So there may be no misunderstanding about the use of the affidavit, for the purposes of this appeal we only consider it as a base to support the petition to augment the record. It discloses that defense counsel alluded to "a new SECNAV Instruction concerning the moral turpitude of offenses," but not that he provided the court members with the folder which contained much more than those particular policy declarations. In that connection, we might point out that, considering the alleged contents of the folder, it is not at all improbable that the Government provided it for use by the court members. Some of the documents are guides for use of special courts-martial and they contained some instructions which are of doubtful validity. Moreover, it is asserted that the directive condemned by this Court in United States v Estrada, supra, was among those available to the members of the court, and may have been considered by them. We, therefore, conclude that, unless the accused has failed to act timely, he should be permitted to have the record augmented to reflect the true facts surrounding the in-court incidents. That is, the record should, if possible, be enlarged to show the true spokesman of the recorded words, what instructions were available to and used by court members during the open session, if they were available for inspection during the secret deliberations, and the source of the questioned documents.

That brings us to the reserved question of whether the accused has made a timely request for relief. We have no doubt about his having acted with dispatch. His receipt shows that he did not receive a copy of the record of trial until May 18, 1956. On June 7, 1956, his appellate defense counsel made the first motion for appropriate relief to the board of review. The motion was denied on June 29, 1956, and thereafter, on July 9, 1956, an affidavit was obtained from trial defense counsel which, together with the assignment of error, was filed with the board of review on July 27, 1956. Also, it is to be noted that accused was tried by special court-martial, and it was not until the case was before the board of review that he was represented by a qualified attorney. At that juncture, a request for relief was asserted, and under those circumstances the doctrine of waiver is not appropriate. True, appellate defense counsel did not move in orthodox fashion by expressly requesting the board to return the record to the convening authority for a certificate of correction, but the remedy they sought was so clear that the board was willing to deal with it on that basis. We, therefore, conclude that the accused made a timely and bona fide effort to obtain a complete record so that the principal error, if any, in his case could be reviewed properly on appeal. Certainly, if the court-martial was permitted to use evidence aliunde the record at the trial, the failure to show the facts leaves the record woefully inadequate. Only when a full picture of trial incidents is found in the record can the correct principles of law be applied.

The decision of the board of review is reversed and the case is remanded to The Judge Advocate General of the Navy. It is directed that action be taken to complete the record so that it will show the true facts and provide the information necessary for the proper consideration of this case in the normal course of appellate review. If that is impracticable at this date, a rehearing on the sentence should be ordered.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

This Court said in the case of United States v Estrada, 7 USCMA 635, 23 CMR 99, when discussing ▮ the effect of improper material that had been called to the attention of a special court-martial:

"In this special court-martial case, the accused pleaded guilty and no evidence was introduced. The trial counsel during the pre-sentencing stated:

'The prosecution would like to invite the court's attention to SECNAV INSTR 5815.2A of 12 March 1956, which states the Department policy on offenses involving larceny and moral turpitude, and further to the Manual for Courts-martial, 1951, page 42, that portion of paragraph 33h which pertains to this type of an offense.' [Emphasis supplied.]

There was no objection by the defense counsel and the trial counsel did not elaborate on the material referred to, or caution the court as to what effect it should have on their deliberations.

• • • • •

". . . Although the individual Secretary of the Navy instruction was not read to the court, it is obvious, as in the Fowle case, supra, that a reading was unnecessary because the members were aware of the policy contained therein, and when the instruction was brought to their attention, perceptive members of the court, in all probability, knew the command's desire that this accused should be separated from the service." [Emphasis supplied.]

We held that it was of no consequence that the questioned material was not read to the court-martial because we presumed that the members knew what the policy referred to was. In this case the same material is involved and on the face of the record it was called to the court-martial's attention. There was here, as in the Estrada case, supra, no showing that the court-martial in fact read this questioned material. This Court, however, thought then, and I think now, that this is of no consequence because we presume that they knew what was contained therein. Cf. United States v Webb, 8 USCMA 70, 23 CMR 294. Here it appears that they had the same material with them in their deliberations as we deemed prejudicial in United States v Estrada, supra, and in United States v Holmes, 7 USCMA 642, 23 CMR 106. Since it is prejudicial error to have this subject matter before the court-martial the decision of the board of review should be reversed and the case returned to the convening authority for reference to a court-martial for a rehearing on the sentence.

It is apparent from what I have said that any correction going to the identity of the person who introduced the erroneous matter ▮ into the court-martial's deliberations is irrelevant unless the doctrine of waiver or a doctrine of nonallowance of self-induced error precludes us from considering this apparent prejudicial error.

The doctrine of waiver is clearly not applicable because this case was tried before this Court rendered its decisions in the cases of United States v Fowle, 7 USCMA 349, 22 CMR 139, and United States v Estrada and United States v Holmes, both supra. I cannot consider the action of the defense counsel here as a waiver of the accused's rights for still another reason—and this goes to the heart of the reason that I would not impose any type of "estoppel" with regard to self-induced error—all counsel at the trial level in this case were nonlawyers practicing before a special court-martial. See United States v Estrada, and United States v Holmes, both supra.

Further, with regard to the question of self-induced error, I would not worry about defense counsel deliberately committing error as a trial tactic in special courts-martial—where I would not apply "estoppel." In such a case it would be immediately incum-

bent on the president to declare a mistrial and it is a rare defense counsel who would "scuttle" his own client for appeal or any other purpose.

It is my view, therefore, that any correction—as raised by the inept method counsel has used to institute what the majority correctly deems to be tantamount to a correction of the record—is irrelevant. I would reverse the board of review and return the record to the convening authority for a rehearing on the sentence. The effect of the introduction of this matter into the court-martial's deliberations has been, in effect, to have the accused sentenced to a punitive discharge for an "offense involving moral turpitude" for which he was not here on trial.