UNITED STATES, Appellee

v

DOUGLAS E. SCHULTZ, Airman,
U. S. Navy, Appellant

8 USCMA 129, 23 CMR 353

No. 9992

Decided July 12, 1957

*Commander H. H. Brandenburg* was on the brief for Appellant, Accused.
*Commander Guilbert W. Martin* was on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Once again we are faced with the question of whether an accused was prejudiced by reference to a SECNAV instruction during his court-martial. Once again we conclude that he was Here, after the accused's sentence was announced, the president of the special court-martial stated:

"For the information of the convening authority, the following statement of the reasons for the sentence are submitted for inclusion in the record:

"The court feels the sentence is in keeping with the expressed policy of the Navy, as set forth in SecNav Instruction 5810.8, Com6NavDist Instruction 5815.1, and paragraph 33h of the Manual for Courts-Martial. Further, the court agrees that offenses involving moral turpitude are not considered as minor."

This was error and its prejudicial effect is apparent without extended discussion on our part. United States v Fowle, 7 USCMA 349, 22 CMR 139; United States v Estrada, 7 USCMA 635, 23 CMR 99; and United States v Holmes, 7 USCMA 642, 23 CMR 106. The decision of the board of review is reversed and the record is returned to

**129**

The Judge Advocate General of the Navy for return to the convening authority for a rehearing on the sentence.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

The law in this area has become fixed by prior decisions of the Court and while the principle in the case at bar is an extension of the rule previously announced, the difference is not significant. I, therefore, follow the law as announced by my associates. However, in this case I believe it worth mentioning that the statement by the president of the special court-martial impinges on the rule that the deliberations of the court-martial should remain inviolate. I believe it inadvisable to announce in the sentence a reason for the punishment imposed. If it is decided to make a recommendation for clemency, that is a matter permitted by the law but in other matters secrecy should be respected.