UNITED STATES, Appellee

v

JOHN R. STARNES, Sergeant, U. S. Army, Appellant

8 USCMA 427, 24 CMR 237

No. 10,198

Decided November 15, 1957

*Major Frank C. Stetson* and *First Lieutenant Robert J. Hearon, Jr.*, were on the brief for Appellant, Accused.

*Captain Thomas J. Nichols* was on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was convicted of six specifications which alleged either the offering or uttering with intent to defraud of checks which he knew to be falsely made, in violation of Article 123, Uniform Code of Military Justice, 10 USC § 923. Our grant of review was limited to the issue of whether the law officer's reference to paragraphs 76a and 76b(3) of the Manual for Courts-Martial, United States, 1951, which in turn referred to paragraph 33h, prejudiced the accused. We conclude that it did.

After opposing counsel had presented final argument on sentence the law officer advised the court concerning the maximum authorized sentence. He then said:

"In this connection, and as a guide to the court, I wish to refer you to paragraph 76a, Manual for Courts-Martial, commencing on page 121; and subparagraph 76b(3), at page 124. In thus advising the court, I do not, of course, intend in any way to influence the decision of the court, for the adjudgment of a proper sentence is your responsibility. If you will turn to Appendix 13 of the Manual for Courts-Martial, you will find forms which the court may use as a guide."

Paragraph 76a of the Manual, supra, outlines a "Basis for determining" sentence. The first subparagraph thereunder states that the "determination of a proper punishment for an offense rests within the discretion of the court," subject to maximum limitations and mandatory punishments for particular offenses. The subparagraph then concludes that "To the extent that punishment is discretionary, the sentence should provide a legal, appropriate, and adequate punishment. In this connection see 33h."

Paragraph 33h, to which the reader of paragraph 76 is referred, contains the following pertinent discussion:

". . . When any offense charged is not of a purely military nature, he [the officer exercising summary court-martial jurisdiction] should take into account the fact that the retention in the armed forces of thieves and persons guilty of moral turpitude injuriously reflects upon the good name of the military service and its self-respecting personnel. If he determines that the offense is so serious that the accused, if convicted, should be separated from the service by a punitive discharge, he must decide to which court the case should be referred in order that the appropriate kind of discharge—dishonorable or bad conduct—may be adjudged. In this connection, see 76a (6) and (7)."

In United States v Rinehart, 8 USCMA 402, 24 CMR 212, we disapproved the practice of bringing this policy directive before the court. Relying upon the cases of United States v Fowle, 7 USCMA 349, 22 CMR 139; United States v Estrada, 7 USCMA 635, 23 CMR 99; and United States v Holmes, 7 USCMA 642, 23 CMR 106— all of which contained reversible error because of the reference before the court-martial of a policy directive of the Secretary of the Navy regarding elimination from the service of persons convicted of larceny or other offenses involving moral turpitude—we said in Rinehart, supra:

". . . A policy directive announced by the Secretary of the Navy in a SECNAV Instruction is indistinguishable in principle from a policy directive contained in the Manual for Courts-Martial, promulgated pursuant to an executive order of the President. Only the source of the reference is different, the prejudice is the same. If anything, the latter would have more persuasive effect

428

upon a court-martial because of the President's role as Commander-in-Chief of the armed forces. Accordingly, we conclude that the accused has been prejudiced by the assistant trial counsel's reference to paragraph 33*h* of the Manual, supra."

The instant case falls squarely within our holding in Rinehart, supra, and reversal is required. The record of trial is returned to The Judge Advocate General of the Army and a rehearing on the sentence is ordered.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

My reasons for dissenting are set out in United States v Rinehart, 8 USCMA 402, 24 CMR 212, decided this date.