UNITED STATES, Appellee

v

DENVER L. HIRRLINGER, Seaman Apprentice, U. S. Navy, Appellant

8 USCMA 716, 25 CMR 220

No. 10,429

Decided February 14, 1958

Ensign David M. Clinard, USNR, and Lieutenant (jg) W. W. McNeilly, Jr., USNR, were on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.*, USMC, was on the brief for Appellee, United States.

### Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused pleaded guilty and was convicted of two crimes of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a bad-conduct discharge, confinement and partial forfeitures for three months.

After the court retired to deliberate upon the sentence, they returned some thirty-seven minutes later to seek advice. There followed this dialogue:

"PRES: Will the trial counsel advise us of the meaning of the JAG Journal that was given to each court member to read as a new ruling?

"At this point the president of the court handed some papers to the trial counsel, who showed them to the defense counsel.

"TC: Well, Mr. President, I don't believe that this has any application to the court-martial. It is true that we circulate to all members of the court, when it's first being appointed, certain instructions from the Navy Department and so forth that we think it is proper that they be aware of prior to the time that the court convenes, but, strictly speaking, those instructions and Department Notices are not proper subjects, I think, for consideration in the actual trial itself. The accused, I think, is entitled to be tried only on the evidence presented to the court, taking into consideration the aggravation and mitigation which has been presented, and I myself, if the president has reference to SecNav Instruction 1626.4, which is making up lost time, don't believe that it is proper in reaching a sentence to take into consideration SecNav Instructions unless some very unusual—for instance, the Secretary of the Navy might in an instance transmit from the President certain limitations on punishment for certain offenses and that would be most proper, of course, because they would more or less supersede any discussion in the manual, but until we have

some exception which specifically directs us as to the maximum limits of punishment I think anything else should not be considered, at least in this courtroom.

"PRES: In view of the fact that the court was advised to read this and it was attached to the appointing order ———."

Before this Court, the accused raises for the first time the assignment of error upon which we granted review, namely, whether the attaching of a JAG Journal, published by the office of The Judge Advocate General of the Navy, to the appointing order and advising the court members to read the same was prejudicial.

This case is not dissimilar from United States v Silva, 8 USCMA 105, 23 CMR 329, but, for reasons which will hereinafter appear, the disposition we there ordered is not feasible in this instance. In that action, the accused had pleaded guilty to unauthorized absence. During the arguments upon sentencing, the record showed that trial counsel referred the court to "a new SECNAV Instruction concerning the moral turpitude of offenses," for their consideration. The directive was not further described, although we suspected that we could identify it. Before the board of review, defense counsel requested that the instruction be identified, but this request was denied. Affidavits which were obtained upon appellate defense counsel's own initiative identified the directive but also pointed up some confusion as to the question of who should bear the responsibility for first presenting the instructions to the court. We referred to the Manual provision directing that a record which contains omissions must be returned to the convening authority for corrections which will show the proceedings adequately and accurately. Accordingly, we returned the case to The Judge Advocate General of the Navy for a completion of the record,

noting that a rehearing might be ordered if a clarification was impracticable.

As the quoted portion of this record indicates, the court here had before it some unidentified papers which were not made part of the record. Appellate defense counsel, perhaps recalling our ruling in United States v Silva, supra, have placed before this Court six sworn affidavits of counsel and court members who participated in the original trial attempting thereby to ascertain the identity of these papers. However, a reading of these documents indicates that the passage of time has so obfuscated the memory of these participants that it is impossible to determine with any amount of certitude what JAG Journal, Navy Department instructions, or other documents, exclusive of SECNAV 1626.4, were before the court. The defense has demonstrated a discrepancy in the record. The general proposition of law is that when unlawful communications have reached court members, the burden is upon the Government to show that no prejudice has resulted from their use. This it has failed to do. The affidavits which appellate defense counsel have furnished convince us of the futility involved in attempting to ascertain the exact nature of the information imparted to the court members. Therefore, returning the record for clarification is impractical and a rehearing on the sentence is compelled.

We remand the case to The Judge Advocate General of the Navy in order that he may order a rehearing upon the sentence. As the error does not reach the findings, they should remain undisturbed.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.