UNITED STATES, Appellee

v

HERBERT R. McCAULEY, Airman Second Class,
U. S. Air Force, Appellant

9 USCMA 65, 25 CMR 327

No. 10,099

Decided March 28, 1958

*Captain Richard C. Bocken* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb.*

*Major Fred C. Vowell* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

At a hearing held by a special court-martial, the accused was convicted of sleeping on post, in violation of Article

113, Uniform Code of Military Justice, 10 USC § 913. The Government concedes that error was committed when trial counsel provided the court-martial with a volume of the Court-Martial Reports and asked it to refer to the opinion of this Court in United States v Williams, 4 USCMA 69, 15 CMR 69. Since we have "repeatedly condemned" such references, the concession is appropriate. United States v Chaput, 2 USCMA 127, 7 CMR 3. The Government contends, however, that the accused was not prejudiced by the court's use of the case reference. To support its contention it has submitted affidavits from the members of the court. Three of the five members represent that they referred to page 70 of the volume of the Court-Martial Reports "for a definition of the word 'sleep.'" The other two members say that they do not know whether the volume was used; they do not indicate whether they were informed of the *Williams* definition.

Assuming that we may consider the affidavits (cf. United States v Webb, 8 USCMA 70, 23 CMR 294; United States v Roberts, 7 USCMA 322, 22 CMR 112), they do not demonstrate a lack of prejudice. The definition of "sleep" in the opinion is an integral part of the discussion of the facts of the case which closely parallel the facts here. In the affidavits submitted to us the court members do not say that they were uninfluenced by the *Williams* facts. Consequently, the overall situation is substantially the same as that which we condemned in United States v Chaput, supra, and United States v Lowry, 4 USCMA 448, 16 CMR 22. As we said in the *Lowry* case, supra, page 453: "It may well be that the facts recited in them [the cases to which the court-martial was referred] had considerable influence upon the court." Furthermore, the record of trial does not indicate that the *Williams* case was shown to defense counsel or that he was aware of his right to object to its use by the court-martial in its closed session deliberations. In effect, the court members were instructed on a vital issue

in the case, without according defense counsel an opportunity to "frame an exception or . . . request . . . additional instructions." United States v Linder, 6 USCMA 669, 20 CMR 385. We conclude that the accused was prejudiced by the court members' use of the volume of the Court-Martial Reports submitted to them.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

I do not dispute the fact that irregularities occurred in this trial, but they must be measured in the scales applicable to trials before special courts-martial—particularly giving consideration to the unique position occupied by the president. He is required to instruct the court on the law, and I assume from his assignment that he is entitled to read the law and incorporate in his instructions the theories we advocate in our decisions. If I am correct in that assumption, then the senior member of the court participating in the deliberations had the information properly, and I suppose he might have used *it* in the discussions.

I do not mention the type of forum to dispute the proposition that instructions should be on the record and that defense counsel should be apprised of the guideposts to be used by the court. But I do suggest that the character of court requires us to look carefully for the probabilities of prejudice. In addition, I further suggest that there is no prejudice when a court uses a definition of a word which we have approved in one of our opinions, and so any harm to the accused must come from some other portions of the *Williams* opinion, 4 USCMA 69, 15 CMR 69.

I am not concerned about the possibility of the court-martial using an appellate test for sufficiency of the evidence as the court was instructed properly on that matter. The accused has been

twice convicted of this same offense on much the same evidence. The first finding was set aside because of irregularities which had nothing to do with the compelling nature of the evidence, and the second finding was affirmed by the board of review. Accordingly, three fact-finding bodies using appropriate formulas have reached the result that the evidence was convincing.

Finally, I fail to see how a comparison of the facts in the two cases could have misled the court, for in *Williams* the accused placed essential facts in dispute by testifying contrary to Government witnesses, while in this instance there was not one fact in dispute. Basically, there were three facts which the Government had to prove beyond a reasonable doubt, namely, that the accused had been duly posted; that he was on post; and that he was asleep. The latter fact is the focal point of this decision, and when I measure the facts in this record, I am convinced that the evidence of guilt is compelling. A definition of sleep, be it correct or incorrect, would have had no impact on the findings because all the testimony shows that condition to have existed. We have repeatedly stated that error without prejudice does not require a reversal, and specifically, a unanimous Court indicated in United States v Lowry, 4 USCMA 448, 16 CMR 22, that erroneous reference to case decisions is not necessarily prejudicial. But more to the point, if we apply the rule of United States v Hirrlinger, 8 USCMA 716, 25 CMR 220, and presume prejudice, that presumption is dispelled effectively by the record.

I would affirm the decision of the board of review.