UNITED STATES

v.

**Airman Basic Charles E. McCULLAH, Jr., FR 226–46–8578, United States Air Force.**

**ACM S24759.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 6 April 1979.

Decided 3 Jan. 1980.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Colonel Larry G. Stephens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before EARLY, POWELL and ARROWOOD, Appellate Military Judges.

### DECISION

EARLY, Chief Judge:

Tried by special court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of breaking restriction and failing to go, and, despite his pleas, of making and uttering bad checks, in violation of Articles 134, 86 and 123a,[1] Uniform Code of Military Justice, 10 U.S.C. §§ 934, 886, 923a. The approved sentence extends to a bad conduct discharge and confinement at hard labor for four months.

Appellate defense counsel assign three errors. In the first they assert that the finding of guilty of Specification 4 of the Additional Charge is unsupported by the evidence.

The attacked specification alleges that "on or about 21 January 1979, with intent to defraud," the accused made and uttered a check to the Korea Area Exchange in the amount of $50.00. Appellate defense counsel, noting that the check is dated 20 January 1979 and that the stipulated testimony of the cashier refers to that date, argue that the check was uttered on 20 January rather than 21 January.

This check was written for the maximum daily amount permitted by Exchange regulations, and another check in the same amount was written on the following day. Assuming the regularity of enforcement of the Exchange regulations, we agree that the check probably was uttered on the 20th of January, not the 21st as alleged on the specification. The question is whether this difference represents a fatal variance.

The tests to be applied in a variance situation are:

(1) Has the accused been misled to the extent that he has been unable adequately to prepare for trial and

(2) is the accused fully protected against another prosecution for the same offense?

*United States v. Anderson*, 1 M.J. 498, 505 (A.F.C.M.R.1975), citing *United States v. Hopf*, 1 U.S.C.M.A. 584, 5 C.M.R. 12, 14 (1952).

---

1. The military judge found the accused guilty of the lesser included offense under Article 134, Code, *supra*, as to Specification 1 of Charge 1.

It has long been the military practice to plead offense dates as occurring "on or about" a date certain. Where the time of the offense is not of the essence of the offense, or necessary for its identification, the precise date is not material so long as the offense is sufficiently identified to protect the accused against another prosecution for the same offense. *United States v. McGlenn*, 22 C.M.R. 706 (N.B.R.1956); *United States v. Schoolcraft*, 16 C.M.R. 790 (A.F. B.R.1954). Here the words "on or about" sufficiently protect the accused from a further prosecution for the same offense.

We find no evidence that the accused or his counsel were in any way misled as to the offense charged. This is evident by defense counsel's lack of objection at trial. In addition, we find that there were no statute of limitations problems, that time was not of the essence of the offense and that all the dates alleged and proved were before the filing of the charges. Thus, we hold that the variance is not fatal. *United States v. Gehring*, 6 U.S.C.M.A. 657, 20 C.M.R. 373 (1956); *United States v. Thomas*, 50 C.M.R. 114 (N.C.M.R.1975).

Appellate defense counsel's second assignment of error asserts that the absence of Prosecution Exhibit 20 from the record of trial results in a nonverbatim record and requires that the bad conduct discharge be set aside.

The exhibit in question was a letter of notification of the dishonoring of checks prepared by the Chief of the Non-Appropriated Funds Financial Management Branch. It was identified by the stipulated testimony of the Chief, and the stipulated testimony of the accused's squadron section commander who delivered it to the accused on 15 February 1979. Sometime after trial it was lost and is not a part of the record which was authenticated by the military judge.[2]

The Manual for Courts-Martial, 1969 (Rev), requires that there be a "verbatim record" of "all proceedings [held] in open sessions, [and] . . . all sessions [and hearings] held by the military judge, and hearings held out of the presence of the members." Manual, *supra*, paragraph 82*b*; see also paragraph 82*e*, 83; Article 19, Code, 10 U.S.C. § 819, *supra*. However, we do not find any reference to the preserving of exhibits except in paragraph 54*d*. See also Air Force Manual 111–1, Military Justice Guide, para 6–7 (Cl, 25 Aug 1975). Thus, it is not that the record is not verbatim; it is that it is incomplete.[3] However, there is no question that the failure to attach the accepted exhibit or a suitably authenticated copy thereof constitutes error. *United States v. Worley*, 44 C.M.R. 498 (A.C.M.R.1971). What remains is the dimension of the prejudice, if any, to the accused flowing from this omission.

The test we apply is two-fold: *was* there sufficient evidence before the trial court to support the findings of guilty beyond a reasonable doubt, and, *is* there sufficient evidence of record before us so that we may determine that the findings of guilty are correct in law and fact? Article 66(c), Code, 10 U.S.C. § 866(c), *supra*; Manual, *supra*, paragraph 100*a*.

The letter of notification is material only to show that the accused was aware that the checks mentioned therein had been returned by the bank for insufficient funds, and to give the five days' notice for redemption, the failure of which triggers the statutory presumption of intent to defraud. *United States v. Pollock*, 2 M.J. 373 (A.F.C. M.R.1977); Article 123a, Code, *supra*. Since the letter was before the trial court,

---

2. In its place in the record is a sheet with a note from the reporter: "Prosecution Exhibit 20, which apparently is the first SSF notification letter dated 14 Feb 79, cannot be located by the reporter. There is a second SSF notification letter also dated 14 Feb 79 which is Prosecution Exhibit 21."

Following this is a note from the military judge: "I don't have it either. A copy may be substituted in record." No copy was substituted.

3. The cases concerning omission from the transcript of trial proceedings are not applicable here, i. e., *United States v. Boxdale*, 22 U.S.C. M.A. 414, 47 C.M.R. 351 (1973) and cases cited therein.

we may assume that there was sufficient evidence to support its findings. However, the text of the letter is not before us and we cannot find beyond a reasonable doubt that the statutory requirements have been fulfilled. Nonetheless, there is sufficient evidence of record to establish beyond a reasonable doubt that the accused made and uttered the checks and subsequently dishonorably failed to maintain sufficient funds for payment upon presentment, a violation of Article 134, Code, *supra*, which is a lesser included offense. Therefore, we may only approve findings of guilty of the lesser included offense charged in Specifications 2, 6, 9 and 10 of Charge I.

We find that the evidence establishes beyond a reasonable doubt the guilt of the accused of violations of Article 134 as to Specifications 2, 6, 9 and 10 of Charge I. This necessitates our reassessment of the sentence. *United States v. Worley, supra.*

In their last assignment, appellate defense counsel assert that the military judge erred by admitting into evidence before findings, a record of punishment under Article 15, Code, *supra*, containing a written statement of the accused which contained no showing that he had previously been advised of his rights under Article 31, Code, 10 U.S.C. § 831, *supra.*

The letter of notification of intent to impose punishment under Article 15 was presented to the accused on 15 January 1979, and was for writing four checks and thereafter dishonorably failing to maintain sufficient funds for payment upon presentment. After consulting with counsel, the accused, prior to 22 January 1979, submitted matters in mitigation in the form of a written statement, in which he stated that he had closed his checking account. The Article 15 file was offered for the purpose of revealing the accused's state of mind when he wrote checks after the date of the statement. The military judge, in admitting the file, stated:

> Well, I'm of the opinion that it is relevant, at least with regard to those matters after those checks issued after the 22nd of January . . . . Therefore, it

is admitted for the limited purpose and won't be considered for any other purposes.

By its own terms, Article 31 applies in those situations where someone interrogates or solicits incriminating information from a person suspected of an offense. The Air Force Article 15 form letter of notification gives the prospective accused the right to make a written presentation for consideration of the officer proposing to impose punishment. However, the letter of notification advises the recipient, among other things:

> You do not have to give any information or say anything about the offense(s) described above. If you do so, it may be used for or against you either in this action or in a trial by court-martial.

We do not believe that, by any stretch of the imagination, a person choosing to avail himself of the right to present mitigation or extenuation matters to a commander proposing to impose punishment under Article 15 is being interrogated within the meaning of Article 31. This situation is much akin to an accused choosing to testify in court on the merits of the case. Advisement of rights would be pointless. Even if such advisement would be necessary, we hold here that the advice contained in the Letter of Notification and the fact that the accused consulted with counsel before preparing his statement suffices.

Reassessing the sentence in light of the above, we find it nonetheless appropriate. The findings of guilty, as modified, and the sentence are

AFFIRMED.

POWELL and ARROWOOD, Judges, concur.