UNITED STATES

v.

**Airman First Class David K. LINSON, FR 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 United States Air Force.**

**ACM S24835.**

U. S. Air Force Court of Military Review.

21 March 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Patrick A. Tucker.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

of the evidence as to specifications 1 and 2. We find this assertion to be without merit.

## DECISION

ARROWOOD, Judge:

During the sentencing portion of the accused's court-martial for possession of marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, the Government offered and had admitted a record of nonjudicial punishment of the accused pursuant to Article 15, Code, *supra.* In it the accused was punished for possession of marijuana and wrongful appropriation of Government property. In his indorsement to the commander's letter, the accused indicated that he did not desire to make either a written or an oral presentation prior to imposition of punishment.

In his unsworn statement at trial, the accused explained the circumstances surrounding the wrongful appropriation. Then trial counsel argued in his sentencing summation:

Now, the prosecution found it particular (sic) interesting to see how the accused viewed the Article 15 that he received back in May. From his unsworn statement, we learned that, according to the accused's version, he really wasn't at fault for some of the matters for which he received the Article 15 for. But you have the Article 15 before you. . . . He accepted the Article 15. . . . [H]e checked "I do not desire to make an oral presentation. . . ." [And] . . "I do not desire to make a written presentation." And we have, of course, the accused's signature here. Gentlemen and lady, I ask you to employ your own common sense as to whether or not you believe the unsworn statement of the accused with regard to that particular Article 15. Did he not have the opportunity to raise the things that he chose to raise today on the unsworn statement?

Appellate defense counsel assert that the argument of trial counsel was error prejudicial to the accused. They rely primarily on the cases of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975) and *United States v. Noel,* 3 M.J. 328 (C.M.A.1977), in support of their position that the trial counsel improperly commented upon the accused's failure to offer either an oral or written presentation to his commander regarding the offenses punished under Article 15. Counsel equate the failure of accused to present matters to consider in defense, extenuation or mitigation to the Article 15 action to reliance on his right to remain silent under Article 31, Code, 10 U.S.C. § 831, *supra.*

In *United States v. Noel, supra,* the accused was apprehended at a customs check point and found to be in possession of a large quantity of marijuana. He was advised of his rights under Article 31, Code, *supra,* and his right to counsel. Although he did not affirmatively assert his right to remain silent, he made no statement to the authorities at that time. Later, at the trial, he offered an exculpatory explanation. Both trial counsel and a court member questioned him about his failure to make a similar statement upon being apprehended. In setting aside the conviction, the Court held it is impermissible to endeavor to impeach or undermine the credibility of an accused by reference to, or utilization of, his decision to refuse to incriminate himself which flowed from his rights under Article 31 and the Fifth Amendment to the Constitution. In reaching their decision they relied not only on the broad rights of an accused under Article 31 but also called attention to the fact that in *Doyle* and *Hall,* as in *Noel,* the accused was being questioned under the intimidating circumstances of a custodial environment.

Such circumstances do not exist in the case at bar. First, there was no custodial interrogation. Secondly, the accused was not being prosecuted for the offense he had chosen not to explain. Finally, he was participating in a formal nonjudicial disciplinary action under Article 15 where he was fully advised as to his rights thereunder and the procedure.

We do not, as suggested by appellate defense counsel, equate the imposition of nonjudicial punishment under Article 15 to

the intimidating circumstances that surround an accused when, as a suspect, he is advised of his rights under Article 31 and is interrogated. Cf. *United States v. McCullah*, 8 M.J. 697 (AFCMR 3 Jan 1980). Under the circumstances of this case, we find the trial counsel's comment was proper, a fair comment on the evidence which had been properly admitted and the accused's unsworn statement. *United States v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956).

The findings of guilty and the sentence are

AFFIRMED.

HERMAN, Senior Judge, and MILES, Judge, concur.