**UNITED STATES**

v.

**Airman First Class James N. CHRIST-MAN, FR 316–70–8217. United States Air Force.**

**ACM 22886.**

U. S. Air Force Court of Military Review.

17 April 1981.

Appellate Counsel for the United States: Colonel James P. Porter.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

In a single assignment of error, appellate defense counsel direct our attention to the absence of a portion of a properly admitted exhibit in their copy of the record of trial. We note the same deficiency in the original of the record of trial. In response to the assignment of error, appellate government counsel move for leave to file the missing portion of the exhibit from their copy of the record of trial.[1] Opposing the motion, appellate defense counsel point out that an appropriate remedy is otherwise available to correct the record. Manual for Courts-Martial, 1969 (Rev.), paragraphs 82e and 95.[2]

The basic position of appellate defense counsel is that the absent portion of the exhibit constitutes a "substantial omission" of a "material matter."[3] We disagree, because we find no omission from the record on review.

Records forwarded for our review pursuant to Article 65(b), Uniform Code of Military Justice, 10 U.S.C. § 865(b), must be transmitted to The Judge Advocate General in an original and two complete copies of

Appellate Counsel for the Accused: Colonel Larry G. Stephen, Colonel George R. Stevens and Major Robert G. Gibson, Jr.

1. The entire exhibit consisted of an authenticating certificate from the personnel records custodian, to which was attached three items from the accused's personnel records: a letter of reprimand (dated 16 March 1978); an Article 15 action (dated 16 July 1978); and an indebtedness letter (dated 31 December 1978). The Article 15 is referred to at several places in the transcript, but is incorporated in the documentary exhibits only in that copy of the record in the hands of appellate government counsel.

2. Unfortunately, this is not an infrequent occurrence. Appellate counsel often find discrepancies among the copies of the record received at this headquarters. Sometimes the discovery is too late to avoid a considerable waste of time and effort. We exhort staff judge advocates to ensure that the original record and copies forwarded to this headquarters are complete and identical. While we have not done so in this case, we retain the option to require formal correction of the record by the authenticating official. Manual for Courts-Martial, 1969 (Rev.), paragraph 95.

3. *United States v. Gray*, 7 M.J. 296 (C.M.A. 1979); *United States v. Sturdivant*, 1 M.J. 256 (C.M.A.1976); *United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973). Also noteworthy but inapposite are the cases dealing with "lost" exhibits. See, *United States v. McCullah*, 8 M.J. 697 (A.F.C.M.R.1980), *pet. granted*, 9 M.J. 137; *United States v. Randolph*, 49 C.M.R. 336 (N.C.M.R.1974).

the transcript and "all documentary exhibits." MCM 1969 (Rev.), paragraph 49*b*(2) and Appendix 9*f*; and Air Force Manual 111–1, Military Justice Guide, 2 July 1973, paragraph 6–12c.

The two copies of the record forwarded with the original qualify as duplicates, Mil. R.Evid. 1001(4), if not as originals. Mil.R. Evid. 1001(3). In either event, there can be no error in our consideration of the copy of the record now in the hands of appellate government counsel, from which there was no omission.

We have examined the record transcript which includes specific references to the document proffered by the government, and we have examined the authenticating certificate of the record custodian, which is the first page of the exhibit, and which specifically identifies the document. We are satisfied that it is what it purports to be: a duplicate of the document admitted at trial.[4] Mil.R.Evid. 1003. Thus, we perceive no impediment to granting the government motion in order to correct the administrative omission in the documentary exhibit attached to the original and the defense copy of the record of trial. Accordingly, the Motion for Leave to File is GRANTED.

As a consequence of the foregoing ruling, the single assignment of error is rendered moot. Based upon our examination of the entire record, we conclude that the findings of guilty and the sentence are correct in law and fact, and they are

AFFIRMED.

POWELL, Senior Judge, and KASTL, J., concur.

---

**4.** In this case we have no doubt as to the identity of the document, so there is no reason to set aside the sentence, *United States v. Hirrlinger*, 8 U.S.C.M.A. 716, 25 C.M.R. 220 (1958), nor is there any need to go back to the trial forum to *create* an exhibit for our appellate consideration. *United States v. Silva*, 8 U.S.C. M.A. 105, 23 C.M.R. 329 (1957); *United States v. Luedtke*, 25 C.M.R. 680 (A.B.R.1958).