UNITED STATES

v.

Airman First Class Lance J. HAYWARD, FR 570–19–3582 United States Air Force.

ACM S25109.

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 Aug. 1980.

Decided 22 May 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Major Peter Reilly, USAFR.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

██ Appellate defense counsel contend that the charges against the accused, one of two co-actors charged jointly, were not referred to trial. We find this contention to be without merit and affirm.[1]

The origin of the defense contention is the fact that the record of trial contains two DD Forms 458, each of which the defense characterizes as a "charge sheet" for one of the respective accused. The *first* of these DD Forms 458 contains information pertaining to the co-actor on page one. Page two contains properly drafted joint specifications, naming the accused and the co-actor. Manual for Courts-Martial, 1969 (Rev.), paragraph 26*d*; App. 6*a*8. Page three contains the signature and affidavit of the accuser (who, coincidentally, was the commander of the co-actor); a certification by the commander of the co-actor that he informed the co-actor of the charges, Manual for Courts-Martial, paragraph 32*f*(1); a receipt for the charges by the staff judge advocate for the commander exercising summary court-martial jurisdiction, Manual for Courts-Martial, 1969 (Rev.), paragraph 33*b*; the referral of the charges to trial by the commander exercising special court-martial jurisdiction; and a certificate of service of a copy of the referred charges on the co-actor by a Technical Sergeant Leonard, acting for the trial counsel. Page four contains a certification by the commander of the co-actor that punishment pursuant to Article 15 was not offered.

The *second* DD Form 458 contains the information pertaining to the accused on page one. Page two is blank. Page three is also blank, except for two entries: the first is the accused's commander's certification that he informed the accused of the charges; the second is the trial counsel's certification that a copy of the referred charges was served on the accused. Page four contains a certificate by the accused's commander that punishment pursuant to Article 15 was not offered.

Considering the foregoing, we conclude that while there are two DD Forms 458 in the record of trial, there is but one "charge sheet." The information on the second, incomplete, DD Form 458, pertaining to the accused, was never intended to be a charge sheet, but rather to supplement the information on the first DD Form 458, which is

___

1. The unopposed motion by appellate government counsel to file an affidavit of the convening authority is granted. While the affidavit makes it clear that the conveying authority intended to refer the joint charges to a joint trial before a particular special court-martial, we believe such intent is already manifest in the record.

the charge sheet, to provide personal data and information relevant to this accused. The procedure followed in this case is specifically authorized by paragraph 3–1a, Air Force Manual 111–1, Military Justice Guide, 2 July 1973, pursuant to authority to prescribe procedures for preparation of charge sheets delegated to the Secretary of the Air Force in paragraph 29d, Manual for Courts-Martial, 1969 (Rev.).

Appellate defense counsel claim further error in the referral process, in that no special instructions, paragraph 33j(1), Manual for Courts-Martial, 1969 (Rev.) were included for a joint trial. The specifications clearly allege that the accused and his co-actor, acting jointly and in pursuance of a common intent, committed the charged offenses. No special instructions were necessary in the referral. Indeed, they would have created an ambiguity since referral of joint charges on a single sheet is implicitly for a joint trial of the named accused.

Finally, appellate defense counsel point out two discrepancies as to dates in the processing of this case which we find indicative of carelessness by the parties concerned: *first*, the convening order for the special court-martial to which the case was referred bears the same number, but a different date than the one announced by the trial counsel and inserted in the record of trial. Since the numeration of such special orders is not duplicated within a calendar year, we are satisfied the error was administrative and non-prejudicial[2]. *Second*, in the record, at the point where the referral is copied, the date of referral reads "July 23, 1980". This is obviously incorrect, since the affidavit which immediately precedes it indicates the charges weren't preferred until 28 July 1980. The source of the reporter's error is apparently the date stamp used on the referral block of the charge sheet. The stamped date is faint, and the "28" looks very much like a "23". We don't fault appellate defense counsel for pointing out this minor error, or the reporter for committing it. The trial counsel and the military judge were responsible, respectively,

for preparing and authenticating the record of trial. In itself the error is neither significant nor prejudicial, but it is, unfortunately, symptomatic of what we perceive to be a trend of increasing carelessness in the administrative details of the military justice system, as reflected in records of trial reviewed in this Court. *See, United States v. Christman*, 11 M.J. 570 (A.F.C.M.R.1981), note 2 and accompanying text.

The approved findings of guilty and the sentence are correct in fact and law and, on the basis of the entire record, are

AFFIRMED.

POWELL, Senior Judge, concurs.

KASTL, Judge, concurs in the result.

---

**2.** This conclusion is buttressed by the affidavit of the conveying authority, note 1, *supra*.